■ JACOB WERTHEIMER et al., Doing Business as HOUSE OF WOVEN NOVELTIES Co., Respondents, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION et al., Appellants. — Order, Supreme Court, New York County (Fraiman, J.) entered on January 2, 1981, which denied defendant appellants' motion for renewal, unanimously reversed, on the law, without costs or disbursements, the motion to renew granted and upon renewal, plaintiffs' motion for summary judgment on the issue of liability denied and defendants' cross motion to depose a nonparty witness granted. The appeal from the order of said court entered October 3, 1980, is dismissed as academic. The plaintiffs are the owners of a business known as the "House of Woven Novelties Company", which was substantially destroyed by fire on February 2, 1977. The plaintiffs commenced this action seeking to recover for this fire loss under an insurance

policy issued by the defendants, which was in force at the time of this occurrence. The answer of the defendants contained seven affirmative defenses, including that of arson. The report of the fire department determined that the origin of the fire was of a "suspicious" nature. Thereafter, the defendant insurance company engaged the services of an independent fire analysis consulting firm, John F. Connell Consultants Ltd. The report of this firm concluded that the fire had an incendiary origin. This conclusion was based on the facts that (1) there were four separate fires at various points on the first floor of plaintiffs' premises; (2) hydrocarbons resembling mineral spirits were detected; (3) no accidental heat energy source was located; and, (4) the sprinkler system in the building was inoperative. A copy of this report was forwarded to plaintiffs' attorneys and was in their possession more than one year prior to the application for summary judgment. However, neither party submitted this report on the motion and plaintiffs, in their reply affirmation in support of the motion, specifically denied that they had received a copy of this report. Special Term granted summary judgment on the question of liability even though defendants referred to this report in their affidavit in opposition to this motion. The court reasoned that defendants submitted affidavits which were based upon hearsay and since these affidavits could not be admitted at trial, they "must be ignored." The court apparently overlooked the rule that evidence, otherwise excludable at trial, may be considered to deny a motion for summary judgment provided that this evidence does not form the sole basis for the court's determination *(Phillips v Kantor & Co.,* 31 NY2d 307). In addition, the defendants cross-moved to examine the plaintiff's accountant as a non-party witness. It was alleged that the finances of the corporate plaintiff were relevant and would tend to establish a motive for the fire. The court also denied this cross motion. Thereafter, the defendants moved to renew and for the first time submitted the Connell report. The court, however, denied this latest motion. In an action on an insurance policy it is rare that summary relief will be granted where the facts lie totally within the plaintiffs' knowledge, as appears in the matter now before this court. *(Suslensky v Metropolitan Life Ins. Co.,* 180 Misc 624, affd 267 App Div 812.) The plaintiffs were the last to leave the premises before the fire consumed the building. The building was protected by a burglar alarm, and on the night of this incident, no indication was received by the company monitoring the burglar alarm that a person had broken into the premises. The burn patterns, the presence of a combustible accelerant and the lack of an accidental heat source led the experts to conclude that the fire was of an incendiary origin. These facts and others could not have been known by the defendant insurance company. The individuals who could have knowledge of these facts, or who could otherwise refute them, were the plaintiffs, the parties to whom summary judgment was granted in error. Moreover, the affidavits of the plaintiffs in support of their motion are insufficient to establish a prima facie case. These affidavits are nothing more than conclusory assertions from which a mere hint of a denial of complicity in this incident can be gleaned. Such a denial is insufficient to warrant summary disposition. *(Aimatop Rest. v Liberty Mut. Fire Ins. Co.,* 74 AD2d 516.) The application to depose Louis Sanders, the plaintiffs' accountant, should have been granted. Adequate special circumstances exist to warrant this relief (CPLR 3101, subd [a], par [4]). The financial information sought to be obtained could feasibly establish a motive for the fire. The company showed loans payable of approximately $50,000 contrasted with assets of not quite $10,000. In addition, immediately prior to the fire the company substantially increased their inventories from $17,612 to $49,000. Concur — Murphy, P. J., Birns, Ross, Lupiano and Silverman, JJ.