■ JANICE HAMMETT, Appellant, v FAUSTO C. DIAZ-FRIAS et al., Respondents, et al., Defendant. [852 NYS2d 128]—

The experts for both sides referred in their affirmations to plaintiff's MRI reports that were before the court (see Thompson v Abbasi, 15 AD3d 95 [2005]; Brown v Achy, 9 AD3d 30 [2004]; Gonzalez v Vasquez, 301 AD2d 438 [2003]), which established the existence of disc bulges and herniations (Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]).

The affirmed report of Dr. Howell, who first examined plaintiff four days after the incident, connected plaintiff's injuries to the incident and raised a triable issue of fact as to whether they constituted a "serious injury" as defined by Insurance Law § 5102 (d). While Howell did not provide qualitative limitations in his report or specify the tests he conducted (see Burke v Torres, 8 AD3d 118 [2004]), his reference to an unsworn report of Dr. Sloan, which did provide such data, should have been considered by the motion court, since "evidence, otherwise excludable at trial, may be considered to deny a motion for summary judgment provided that this evidence does not form the sole basis for the court's determination" (Largotta v Recife Realty Co., 254 AD2d 225, 225 [1998], quoting Wertheimer v New York Prop. Ins. Underwriting Assn., 85 AD2d 540, 541 [1981]).

Even though he did not examine plaintiff until 10 months after the incident, plaintiff's doctor was able to report that plaintiff's symptoms were caused by the June 2004 accident, that her condition was permanent in nature, in part an "exacerbation of underlying degenerative joint disease and prior injuries," and that she sustained permanent consequential limitation in her cervical and lumbosacral spine. This was sufficient to raise a triable issue of fact as to the permanence of the injury. Concur—Nardelli, J.P., Williams, Sweeny and Catterson, JJ.