■ EDGARDO L. RIVERA, Respondent, v SUPER STAR LEASING, INC., et al., Appellants. [868 NYS2d 665]—

Defendants, through the affirmed reports of a radiologist, orthopedic surgeon and neurologist, made a prima facie showing of entitlement to summary judgment regarding plaintiff's claim of serious injury on the theory of "permanent consequential limitation of use of a body organ or member" (Insurance Law § 5102 [d]).

However, plaintiff's expert raised a triable issue of fact on this theory of serious injury. Plaintiff's expert, who reviewed the relevant medical records and examined plaintiff as recently as September 2007, provided both quantitative and qualitative range of motion limitations in his report. He opined that plaintiff's symptoms were caused by the accident, and concluded that plaintiff had sustained permanent consequential limitation of use of his cervical and lumbar spine and right shoulder (*see Garner v Tong*, 27 AD3d 401 [2006]; *Gonzalez v Vasquez*, 301 AD2d 438 [2003]). To the extent the expert incorporated into his affirmation several unsworn reports of other doctors who examined plaintiff, these unsworn reports were not the only evidence submitted by plaintiff in opposition to the motion, and may be considered to deny a motion for summary judgment (*see e.g. Largotta v Recife Realty Co.*, 254 AD2d 225 [1998]).

Furthermore, the motion court properly concluded that defendants failed to demonstrate a prima facie entitlement to summary judgment on plaintiff's 90/180-day claim. Defendants' experts did not examine plaintiff until approximately two years

after the accident and could offer no conclusions regarding plaintiff's condition in the 180 days following the accident (*see Loesburg v Jovanovic*, 264 AD2d 301 [1999]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Sweeny, Catterson and Moskowitz, JJ.