■ JOSELYN LIRIANO et al., Respondents, v OSTRICH CAB CORP., Appellant, et al, Defendant. [876 NYS2d 645]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered December 1, 2008, which denied the corporate defendant's motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, the motion granted to the extent of dismissing any portion of the claims that might be based on the 90/180-day provision of Insurance Law § 5102 (d), and otherwise affirmed, without costs.

Triable issues were presented as to whether both plaintiffs

sustained serious injuries under section 5102 (d) when the vehicle they were riding in was rear-ended by defendants' vehicle. Plaintiffs' medical experts and treating chiropractor raise issues of fact as to whether plaintiffs' cervical, thoracic and lumbar spinal injuries are permanent or significant, and not merely degenerative (*see Morris v Cisse*, 58 AD3d 455 [2009]). The defense made a prima facie showing, however, that neither of the plaintiffs missed work or was otherwise unable to perform usual and customary daily activities for at least 90 of the 180 days following the accident (*see id.*). Concur—Andrias, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.