■ Mark A. Garcia et al., Respondents, v Fernando A. Leon et al., Appellants. [896 NYS2d 21]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered January 22, 2009, that denied defendants' motion for summary judgment dismissing plaintiffs' claims based on Insurance Law § 5102 (d), unanimously modified, on the law, the motion granted to the extent of dismissing plaintiffs' claims based on the 90/180-day provision of Insurance Law § 5102 (d), and otherwise affirmed, without costs.

Defendants do not argue on appeal that the court erred when it ruled defendants failed to meet their initial burden of proof as to plaintiff Mark Garcia's injuries, as they limited their brief to a discussion of only Jennifer Garcia's injuries. Assuming that defendants met their initial burden as to plaintiff Jennifer Garcia, the affidavit of her treating chiropractor, taken in conjunction with her medical experts' unsworn statements and her MRI tests, raises questions as to whether her shoulder and cervical and lumbar spinal injuries are permanent or significant, and not merely preexisting, degenerative, or caused by a subsequent 2007 accident (*see Liriano v Ostrich Cab Corp.*, 61

AD3d 543 [2009]; *Hammett v Diaz-Frias*, 49 AD3d 285 [2008]). Accordingly, triable issues of fact were presented as to whether plaintiff Jennifer Garcia sustained serious injuries that were significant or permanent under section 5102 (d) when the vehicle plaintiffs were riding in collided with defendants' vehicle while defendants were changing lanes.

Nevertheless, upon a search of the record, we find that defendants are entitled to summary judgment as to both plaintiffs' 90/180-day claims based upon evidence that neither of the plaintiffs missed work or was otherwise unable to perform usual and customary daily activities for at least 90 of the 180 days following the accident (*see Liriano*, 61 AD3d at 544). Concur—Andrias, J.P., McGuire, Moskowitz, Freedman and Román, JJ.