■ DUANE CLEMMER, Appellant, v DRAH CAB CORP. et al., Respondents. [905 NYS2d 31]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered May 20, 2008, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), affirmed, without costs.

The failure of defendants' medical experts to discuss plaintiff's

medical records indicating bulging or herniated discs does not require denial of defendants' motion (*DeJesus v Paulino*, 61 AD3d 605, 607 [2009]; *Shumway v Bungeroth*, 58 AD3d 431 [2009]), since, contrary to plaintiff's contention, defendants' neurologist detailed the specific objective tests he used in his personal examination of plaintiff, which revealed full range of motion, and their radiologist found on review of plaintiff's MRI films no evidence of disc bulging or herniation (*DeJesus* at 607).

In opposition to defendants' motion, plaintiff submitted the sworn affirmation of Dr. Pervaiz Qureshi, the unsworn report and records of his chiropractor, Dr. Trager, unsworn MRI reports of Dr. Robert Scott Schepp, his deposition testimony and his own affidavit. Dr. Qureshi, who examined plaintiff more than two years after the accident, found limitations in plaintiff's range of motion. He reviewed the unsworn reports of Dr. Trager and Dr. Schepp and, in language that tracked Insurance Law § 5102 (d), found plaintiff to have suffered a serious injury which was causally related to this accident. Dr. Trager examined plaintiff approximately one week after the accident and his report found range of motion limitations in plaintiff's spine. However, the report was unsworn and therefore inadmissible (*see Petinrin v Levering*, 17 AD3d 173 [2005]). Also unsworn and therefore inadmissible were the MRI reports of Dr. Schepp which found herniations and disc bulges.

While "evidence, otherwise excludable at trial, may be considered to deny a motion for summary judgment," such evidence cannot "form the sole basis for the court's determination" (*Largotta v Recife Realty Co.*, 254 AD2d 225, 225 [1998], quoting *Wertheimer v New York Prop. Ins. Underwriting Assn.*, 85 AD2d 540, 541 [1981]). To the extent Dr. Qureshi's conclusions are based on the unsworn chiropractic report and the unsworn MRI reports, those conclusions are inadmissible, because defendants' experts did not submit those unsworn reports with their own reports or expressly rely on them in reaching their own conclusions (*Hernandez v Almanzar*, 32 AD3d 360, 361 [2006]).

Plaintiff argues that our decision in *Rivera v Super Star Leasing, Inc.* (57 AD3d 288 [2008]) permits the use of those unsworn reports for purposes of opposing a motion for summary judgment. In *Rivera*, plaintiff's expert incorporated into his affirmation in support of his conclusion that plaintiff sustained a serious injury several unsworn reports of other doctors who examined plaintiff closer in time to the accident. We found that "these unsworn reports were not the only evidence submitted by plaintiff in opposition to the motion, and may be considered

to deny a motion for summary judgment" (*id.*, citing *Largotta v Recife Realty Co.*, 254 AD2d at 225).

Although the dissent contends that the facts of *Rivera* are "essentially indistinguishable from the present case," the facts here compel a different result. As here, the MRI reports submitted by plaintiff in *Rivera* were unsworn; unlike here, those MRI reports were referred to by both defendants' and plaintiff's experts in their affirmations and hence, were properly before the court (*see Thompson v Abbasi*, 15 AD3d 95, 97 [2005]; *Brown v Achy*, 9 AD3d 30, 32 [2004]). Moreover, the *Rivera* MRI of the plaintiff's spine was sufficient to establish the existence of disc bulges and herniations as both defendants' and plaintiff's physicians acknowledged those conditions, differing only as to the cause (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]).

In this case, defendants did not rely on or make reference to plaintiff's MRI reports but rather submitted their own sworn MRI report which found no herniations or disc bulges. Nor did defendants' physicians refer to plaintiff's physician's unsworn report. While it is true that plaintiff's expert in *Rivera* relied on several unsworn reports of other doctors who examined plaintiff, unlike here, the MRI report provided other contemporaneous evidence in admissible form, bringing it within the requirements of *Largotta*.

The dissent argues that plaintiff's doctor's review of plaintiff's MRI films constitutes the additional evidence needed to bring this case within the parameters of *Rivera*. However, he simply states he is "in agreement" with the results of Dr. Schepp's unsworn and therefore inadmissible report containing Dr. Schepp's interpretation of the films. This bootstrapping process should not be used to bring inadmissible evidence before the motion court. Significantly, Dr. Qureshi makes no reference to defendants' sworn MRI report interpreting those films, which found no evidence of disc bulge, protrusion or herniation.

Moreover, we note that Dr. Qureshi's examination was conducted only after defendants moved to dismiss the complaint. His report merely states that "if the history is correct, there is a causal relationship between the injuries and the accident." The only way he could arrive at that conclusion would be to rely on the unsworn report of Dr. Trager. In the absence of any objective medical basis for the conclusion causally relating plaintiff's injuries to the accident, such "conclusory assertions tailored to meet statutory requirements" are insufficient to defeat defendant's motion (*Shaw v Looking Glass Assoc., LP*, 8 AD3d 100, 103 [2004]; *see also Navedo v Jaime*, 32 AD3d 788 [2006]).

Thus, plaintiff failed to submit admissible contemporaneous

evidence of the extent and duration of the alleged limitations in his spine (*see Lopez v Abdul-Wahab*, 67 AD3d 598, 599 [2009]). Plaintiff's examining physician's quantitative range of motion assessment more than two years after the accident is too remote in time to warrant the inference that the limitations were caused by the accident (*see Guadalupe v Blondie Limo, Inc.*, 43 AD3d 669 [2007]).

Defendants met their initial burden of showing prima facie that plaintiff did not sustain a 90/180-day injury by submitting plaintiff's affidavit in which he said he returned to work $2^1/_2$ months—i.e., less than 90 days—after the accident. In opposition, plaintiff submitted no competent objective medical proof or other evidence to raise an issue of fact (*see Beaubrun v New York City Tr. Auth.*, 9 AD3d 258, 259 [2004]). Concur—Tom, J.P., Andrias, Sweeny and Nardelli, JJ.

Renwick, J., dissents in a memorandum as follows: I disagree with the majority's conclusion that the order granting defendants' motion for summary judgment dismissing the complaint should be affirmed. Specifically, in finding that plaintiff failed to meet his burden of raising a triable issue on serious injury, the majority incorrectly distinguishes our precedent in *Rivera v Super Star Leasing, Inc.* (57 AD3d 288 [2008]), which stands for the proposition that a plaintiff can rely upon unsworn reports of a treating physician to raise an issue of fact on serious injury as long as such evidence is not the only evidence submitted in opposition to the motion for summary judgment. Accordingly, I respectfully dissent.

On May 29, 2005, plaintiff was the passenger of a vehicle involved in a motor vehicle accident with a vehicle owned and operated by defendants. Plaintiff commenced this action against defendants seeking to recover damages; plaintiff alleged that he sustained injuries to the cervical and lumbar portions of his spine. Defendants moved for summary judgment dismissing the complaint in its entirety, arguing that plaintiff did not sustain a "serious injury" under Insurance Law § 5102 (d). Supreme Court granted the motion and dismissed the action.

I agree with the majority to the extent it finds that defendants met their burden of establishing prima facie that plaintiff did not sustain permanent consequential or significant limitations of his spine by submitting the affirmations of several doctors who, upon examining plaintiff and performing objective tests, similarly concluded that plaintiff's injuries were resolved (*see e.g. Charley v Goss*, 54 AD3d 569, 570-571 [2008], *affd* 12 NY3d 750 [2009]; *Figueroa v Castillo*, 34 AD3d 353 [2006]). Likewise, I agree that defendants also established that plaintiffs

had no 90/180-day injury by submitting plaintiff's affidavit in which he said he returned to work 2½ months—i.e. less than 90 days—after the accident (*see Lloyd v Green*, 45 AD3d 373 [2007]; *Guadalupe v Blondie Limo, Inc.*, 43 AD3d 669 [2007]).

The burden then shifted to plaintiff to raise a triable issue of fact that he sustained a serious injury (*see Licari v Elliott*, 57 NY2d 230, 235 [1982]; *accord Gaddy v Eyler*, 79 NY2d 955, 957 [1992]). In opposition to the motion, plaintiff submitted an affidavit from Dr. Pervaiz Qureshi, who examined him on March 6, 2008, almost three years after the accident. The physical examination revealed significant limitations of use of plaintiff's spine. Dr. Qureshi reviewed the medical report prepared by plaintiff's treating chiropractor, Dr. Donald Trager, who had examined plaintiff on June 5, 2005, within a week of the accident, and found significant limitations of use of his spine. Dr. Qureshi also reviewed the MRIs taken of plaintiff on August 9 and August 15, 2005, and agreed with the MRI reports indicating, respectively, herniations and bulges of the cervical spine, as well as bulges of the lumbar spine. Based upon his recent physical examination and review of the medical reports and MRIs, Dr. Qureshi concluded that plaintiff sustained permanent consequential and significant limitations of use of his spine and that such serious injury was causally related to the automobile accident.

Supreme Court found that plaintiff's evidence was insufficient to raise a triable issue of fact that he had suffered permanent consequential or significant limitations of use of his spine. Initially, the court determined that the MRI reports submitted by plaintiff "though unsworn, were of the diagnostic studies relied upon by defendants' expert for his radiologic[al] assessment, and, as such, are properly before the court." The court, however, determined that "[t]he [unsworn] report of the chiropractor is not properly before the court and cannot be considered." Disregarding such unsworn report, the court found the record devoid of any admissible contemporaneous evidence of the extent of plaintiff's limitations of use of his spine. As a result, the court found that "[t]he examining physician's quantification of spinal limitations, more than two and one half years after the accident, is too remote in time to raise an issue of fact as to whether the limitations were caused by the accident."

Based on existing case law in this Department, I conclude that Supreme Court erred in finding, in effect, that the examining physician's sworn opinion that plaintiff suffered a serious injury was deficient because of the expert's reliance upon the

unsworn report of plaintiff's chiropractor to establish the contemporaneous limitations of use of his spine. It is well established that " 'evidence, otherwise excludable at trial, may be considered to deny a motion for summary judgment provided that this evidence does not form the sole basis for the court's determination' " (*Largotta v Recife Realty Co.*, 254 AD2d 225, 225 [1998], quoting *Wertheimer v New York Prop. Ins. Underwriting Assn.*, 85 AD2d 540, 541 [1981]). This principle applies with equal force to unsworn medical reports submitted to rebut a defendant's showing of lack of serious injury (*see e.g. Hammett v Diaz-Frias*, 49 AD3d 285 [2008]; *cf. Henkin v Fast Times Taxi*, 307 AD2d 814 [2003] [unsworn reports are insufficient if they are the only evidence in opposition]).

This Court's holding in *Rivera v Super Star Leasing, Inc.* (57 AD3d 288 [2008]), illustrates the point. In *Rivera*, this Court found that the plaintiff raised a triable issue of fact on serious injury based upon the sworn report of a physician who conducted a recent examination of the plaintiff and found significant limitations of use of his spine. In rendering his sworn opinion that the plaintiff had suffered a serious injury (i.e., permanent consequential and significant limitations of use of his spine), the examining physician relied upon several unsworn reports including that of the treating physician who conducted a contemporaneous examination of the plaintiff and found significant limitations of use of his spine. This Court found that these unsworn reports were properly considered to deny a motion for summary judgment because they "were not the only evidence submitted by plaintiff in opposition to the motion" (*id.* at 288).

The facts of *Rivera* are essentially indistinguishable from the present case. Here, as in *Rivera*, the examining physician, who conducted the recent examination and rendered a sworn opinion that plaintiff suffered a serious injury, relied upon the unsworn report of the treating physician, whose contemporaneous examination of plaintiff also revealed significant limitations of use of plaintiff's spine. Since, as in *Rivera*, the unsworn contemporaneous report was not the only evidence submitted by plaintiff in opposition to the motion, this evidence should have been considered by the court below in determining whether plaintiff had raised a triable issue of fact on serious injury, i.e., a permanent consequential or significant limitation of use of his spine.

The majority's attempt to distinguish *Rivera* is not persuasive. The majority asserts that *Rivera* is distinguishable because there the unsworn MRI reports relied upon by the examining physician, who rendered an opinion of serious injury, were properly before the court since the defendants' medical experts

also made reference to them. In contrast, in this case, defendants' medical experts did not rely upon plaintiff's MRI reports. The majority finds this factual distinction to be dispositive because they contend that defendants' reliance on plaintiff's MRI reports in *Rivera* provided "the other" contemporaneous medical evidence in admissible form, albeit concededly only insofar as establishing the existence of disc bulges and herniations in plaintiff's spine.

The factual distinction the majority draws between *Rivera* and this case is analytically insignificant. The majority overlooks the crucial fact that, in this case, the examining physician himself reviewed the actual MRI films. He did not rely on any unsworn MRI reports. Rather, after his own review of the MRI films, he concluded that they established disc bulges and herniations in plaintiff's spine. Thus, it was based upon his own MRI findings, his physical examination of plaintiff, and his review of the treating physician's report that the examining physician concluded that plaintiff sustained a serious injury (*cf. Byong Yol Yi v Canela*, 70 AD3d 584, 585 [2010] ["The affirmed report of plaintiff's doctor was admissible, even though it relied in part on the unsworn reports of another doctor who read plaintiff's MRIs" (citing *Rivera*, 57 AD3d 288)]; *see also Pommells v Perez*, 4 NY3d 566, 577 n 5 [2005] ["Though the MRI reports were unsworn, the various medical opinions relying on those MRI reports are sworn and thus competent evidence" (citation omitted)]).

Contrary to the majority's contention, it remains that *Rivera* and this case are indistinguishable with respect to the central fact that in both cases the plaintiff relied upon the unsworn report of the treating physician to establish contemporaneous spine limitations. Nevertheless, as this Court explicitly held in *Rivera*, "[t]o the extent the expert incorporated into his affirmation several unsworn reports of other doctors who examined plaintiff, these unsworn reports were not the only evidence submitted by plaintiff in opposition to the motion, and may be considered to deny a motion for summary judgment" (*Rivera* at 288).

The majority makes no attempt to address the significance of the fact that plaintiff's expert (Dr. Qureshi) actually reviewed the MRI films and thus made an independent determination that they revealed bulges and herniations in plaintiff's spine. Instead, the majority completely mischaracterizes Dr. Qureshi's statements by alleging that plaintiff's expert did not conduct his own independent review of the MRIs but rather simply stated that " 'he [was] in agreement' with the results of Dr. Schepp's

[treating physician] unsworn . . . report." This "bootstrapping" allegation, however, is unsupported by the evidence. In actuality, in his affidavit, Dr. Qureshi states, "[A]*fter a review of Mr. Clemmer's MRI films*, I am in agreement with the above noted results [indicating disk bulges and herniations of plaintiff's spine]" (emphasis added). Thus, there is no basis to dispute the fact that plaintiff's expert rendered an opinion of serious injury based upon *his own MRI findings*, his physical examination of plaintiff and his review of the treating physician's reports.

In short, by submitting evidence that demonstrated recent and contemporaneous limitations in his spine (*see Valentin v Pomilla*, 59 AD3d 184, 184-185 [2009]; *Thompson v Abbasi*, 15 AD3d 95, 98 [2005]), plaintiff raised a triable issue of fact as to serious injury, and defendants' motion for summary judgment should have been denied with regard to the claims of "permanent consequential limitation of use of a body organ or member" and "significant limitation of use of a body function or system." I agree, however, with Supreme Court to the extent it dismissed the 90/180-day claim, since plaintiff submitted no medical evidence to substantiate his claim that his injuries precluded him from engaging in substantially all his customary daily activities for 90 of the first 180 days after the accident (*see Dembele v Cambisaca*, 59 AD3d 352, 353 [2009]).

For the foregoing reasons, I would modify the order of Supreme Court to the extent it granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). I would reinstate the complaint only as to the claims of "permanent consequential limitation of use of a body organ or member" and "significant limitation of use of a body function or system."