■ Rogelio Quinones, Appellant, v M. Ksieniewicz et al., Respondents. [915 NYS2d 70]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered January 27, 2010, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to plaintiff's 90/180-day claim, and otherwise affirmed, without costs.

The affirmed reports of defendants' orthopedic surgeon and neurologist concerning plaintiff's range of motion and lack of evidence of disability established prima facie that plaintiff suffered no "significant limitation" or "permanent consequential limitation of use" (Insurance Law § 5102 [d]), and shifted the burden to plaintiff to raise an issue of fact (*see Franchini v Palmieri*, 1 NY3d 536 [2003]; *Smith v Brito*, 23 AD3d 273 [2005]). Likewise, defendants' radiologist's finding of a preexisting degenerative condition had to be refuted by plaintiff (*see Pommells v Perez*, 4 NY3d 566, 580 [2005]; *Rodriguez v Abdallah*, 51 AD3d 590, 592 [2008]). Plaintiff failed to meet his burden because the unaffirmed and unsworn medical reports he submitted in opposition were in inadmissible form and therefore without probative value (*see Grasso v Angerami*, 79 NY2d 813 [1991]).

However, defendants failed to establish prima facie that plaintiff did not sustain a medically determined injury "of a non-permanent nature" that prevented him from performing substantially all of his customary and daily activities for 90 of the 180 days immediately following the accident (*see Toussaint v Claudio*, 23 AD3d 268 [2005]; *Feaster v Boulabat*, 77 AD3d 440, 441 [2010]). The reports of defendants' medical experts were based on examinations of plaintiff conducted nearly two years after the subject accident, and addressed plaintiff's condi-

tion as of the time of the examination, not during the six months immediately after the accident. The MRI studies that the defense experts reviewed were performed 10 months after the accident. Concur—Tom, J.P., Andrias, Saxe, Freedman and Manzanet-Daniels, JJ.