■ VICTORIA ALOZIE, Appellant, v TEMPESTA & SON CO., INC., et al., Respondents. [921 NYS2d 235]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about April 8, 2010, which granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny

the motion as to plaintiff's claim of permanent injury to her cervical spine and her claim of injury of a nonpermanent nature, and otherwise affirmed, without costs.

Defendants established prima facie that the injuries to plaintiff's cervical and lumbar spine were not causally related to the instant motor vehicle accident, by submitting the affirmed report of a radiologist who opined that plaintiff's MRI films revealed degenerative disc disease, and deposition testimony and other evidence showing that plaintiff had been involved in two earlier accidents, the second one just four months before the instant accident, in which she sustained identical injuries to her cervical and lumbar spine (*see Becerril v Sol Cab Corp.*, 50 AD3d 261, 261 [2008]). In opposition, however, plaintiff presented evidence that her cervical injuries were causally related to the instant accident, and were different from the injuries that predated the instant accident (*see Linton v Nawaz*, 62 AD3d 434, 443 [2009], *affd* 14 NY3d 821 [2010]).

Defendants failed to meet their burden on plaintiff's 90/180-day claim, since their experts' reports were based on examinations of plaintiff conducted nearly two years after the instant accident (*see e.g. Quinones v Ksieniewicz*, 80 AD3d 506, 506-507 [2011]; *Feaster v Boulabat*, 77 AD3d 440, 441 [2010]). Concur—Tom, J.P., Mazzarelli, Acosta, Renwick and Freedman, JJ.