◼ ESTEEVERED DJEDDAH, Respondent, v DANIEL TURK WILLIAMS, M.D., Appellant. [932 NYS2d 60]—

Plaintiff's submissions in opposition to defendant's motion for summary judgment, i.e., her own affidavit, her undisclosed expert's affidavit, and her father's medical records (which had already been disclosed in a separate action), raise triable issues of fact whether there existed a doctor-patient relationship between herself and defendant, whether defendant departed from accepted medical practice by failing to treat her properly in connection with her claims of physical and mental abuse by her father, and whether defendant violated Social Services Law § 413 by failing to report her allegations of abuse to the appropriate authorities. As the motion court found, plaintiff's affidavit does not directly contradict the deposition testimony she gave in the earlier action about whether she believed, at ages 10 to 12, that she was receiving treatment from defendant when she met with him during a time when he was treating her father for manic depression and issues arising from marital conflict. Excerpts from the father's medical records, which were pre-

pared by defendant and disclosed to plaintiff and her mother in an action in which the father was a party, tend to substantiate plaintiff's allegations that she reported the abuse to defendant. By disclosing his medical records, the father waived his privilege as to the information therein (*see Matter of Farrow v Allen*, 194 AD2d 40, 44 [1993]; *People v Martinez*, 22 AD3d 318 [2005], *lv denied* 6 NY3d 756 [2005]). Notwithstanding their lack of certification, the records were properly considered since they were not the sole basis for the court's determination (*see e.g. Clemmer v Drah Cab Corp.*, 74 AD3d 660, 661 [2010]; *Hammett v Diaz-Frias*, 49 AD3d 285 [2008]).

Plaintiff's submissions also raise a triable issue of fact whether she suffered physical and psychological injury proximately caused by defendant's failure to adequately treat her and to timely report her allegations of physical and sexual abuse by her father. Based on his interview of her and his review of her medical records, plaintiff's expert opined that she suffered physical and psychological harm as a direct consequence of these failures on defendant's part. The letter to the father informing him that the Department of Social Services determined, a year after defendant referred plaintiff to a child psychiatrist, that plaintiff's complaints of abuse were "unfounded," does not dispose of her claims, since it does not set forth the nature and extent of the investigation conducted by the Department of Social Services.

The court did not err in denying defendant's motion to quash plaintiff's subpoena for the medical records of his treatment of her father on the ground that it was not accompanied by the father's authorization (*see* CPLR 3122 [a] [2]). The court only ordered an in camera review of the medical records, and instructed counsel for both parties to be prepared to notify the father of his right to object to plaintiff's perusal of the records, stating that it would rule upon any objections raised by the father. In any event, as indicated, the father waived any privilege as to the medical records that were previously disclosed. Moreover, he lacked grounds for objecting to the disclosure of information contained in the medical records that was not necessary to his treatment, which defendant acknowledged had no connection to the alleged abuse of plaintiff (*see* CPLR 4504 [a]; *Holiday v Harrows, Inc.*, 91 AD2d 1062 [1983]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Saxe, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Román, JJ. **[Prior Case History: 28 Misc 3d 1235(A), 2010 NY Slip Op 51595(U).]**