■ EVELYN BRITTON, Respondent, v VILLA AUTO CORP. et al., Appellants, et al., Defendant. [934 NYS2d 6]—

Defendants moved for summary judgment and made out a prima facie showing that plaintiff did not suffer a serious injury. In opposition to that motion, plaintiff offered no explanation for her failure to pursue any treatment for almost three years after the initial period of treatment that encompassed less than two months (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Agramonte v Marvin*, 22 AD3d 322 [2005]). In addition, although plaintiff testified that she underwent physical therapy for six months beginning a week after the accident and that she stopped going because no-fault would no longer pay her bills, there is no evidence of this treatment in the record. To the contrary, the records of Dr. Rose, plaintiff's expert, suggest that if plaintiff went to physical therapy, she stopped going less than six weeks after the accident.

Plaintiff failed to submit any competent objective medical or other evidence in support of her 90/180-day claim. Her deposition testimony established that she was confined to bed and home for less than one month after the accident (*see Clemmer v Drah Cab Corp.*, 74 AD3d 660, 663 [2010]; *Hospedales v "John Doe"*, 79 AD3d 536 [2010]).

Defendant Evanson did not appeal from the denial of her motion for summary judgment. Nonetheless, she is entitled to summary dismissal of the complaint as against her, since "if plaintiff cannot meet the threshold for serious injury against one defendant, she cannot meet it against the other" (*Lopez v Simpson*, 39 AD3d 420, 421 [2007]). Concur—Gonzalez, P.J., Tom, Catterson, Richter and Román, JJ.