■ IRMA FUENTES et al., Respondents, v SEGUNDO SANCHEZ et al., Appellants. [936 NYS2d 151]—

Defendants met their initial burden by submitting the affirmed reports of their orthopedist and neurologist finding normal ranges of motion in the cervical and lumbosacral spine and the left knee, and concluding that symptoms in those parts of the body had resolved, as well as the MRI reports of their neuroradiologist concluding that the MRI films of the cervical spine, lumbosacral spine, and left knee revealed degenerative changes and no evidence of posttraumatic injuries related to the accident (*see Torres v Triboro Servs., Inc.*, 83 AD3d 563 [2011]). Contrary to plaintiffs' contention, the failure of defendants' experts to review plaintiff's medical records in preparing their reports does not render the reports insufficient, as the experts detailed the specific objective tests they used in their personal examination of plaintiff, which revealed full range of motion, and defendants' radiologist found, upon review of plaintiff's MRI films, no evidence of traumatic injury (*see Canelo v Genolg Tr., Inc.*, 82 AD3d 584 [2011]; *DeJesus v Paulino*, 61 AD3d 605, 607 [2009]).

In response, plaintiffs submitted the affirmations of plaintiff's neurologist and orthopedist, who both found limitations in the range of motion of plaintiff's cervical and lumbar spine shortly after the accident and 1½ year later. Plaintiffs also submitted the MRI reports of plaintiff's radiologist noting disc bulges and herniations in both the cervical and lumbar spine. This evidence raises triable issues of fact as to whether plaintiff sustained a "significant limitation of use" and "permanent consequential limitation of use" of the cervical and lumbar spine (*see Perl v Meher*, 18 NY3d 208 [2011]; *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]). Although plaintiffs submitted no evidence quantifying the range of motion limitation in the left knee, the MRI finding of a meniscus tear in the knee, the orthopedist's observations of progressively worsening knee symptoms throughout the course of treatment, plaintiff's eventual need for viscosupplementation injections to the knee, and the orthopedist's conclusion that she would not be able to return to her job as a home attendant, sufficiently raise a triable issue of fact as to a significant and permanent consequential limitation of use of the knee (*see Toure*, 98 NY2d 345 [2002]).

As to causation, plaintiffs submitted plaintiff's radiologist's reports finding disc bulges and herniations in the cervical and lumbar spine, and joint effusion and a meniscus tear in the left knee, as well as the radiologist's affirmation that the conditions were causally connected to trauma sustained during the accident. Plaintiff's treating physicians also concluded that plaintiff's neck and back injuries were causally related to the accident. Further, plaintiffs adequately addressed defendants' evidence of degenerative conditions in the neck and back and a pre-existing neck condition resulting from a prior 2003 accident. Plaintiff's neurologist averred in his affirmation that age-related stenosis is usually asymptomatic in the cervical spine, and that, although lumbar stenosis could produce pain, the pain would emerge gradually and not as suddenly and severely as the pain that plaintiff had been experiencing. The neurologist also explained that, given that plaintiff was asymptomatic and working as a home attendant without difficulty for five years following the 2003 accident, her current complaints and measurable limitations "could only be due to the [subject] accident." Additionally, plaintiff's radiologist's finding of joint effusion and a tear in the posterior horn of the medial meniscus, conflicts with defendants' neuroradiologist's finding of a degenerative condition in the posterior horn of the medial meniscus. Because plaintiffs' evidence negates a finding as a matter of law that plaintiff's degenerative and pre-existing conditions were the sole cause of the injuries, plaintiffs raised an issue of fact as to causation (*see Perl*, 18 NY3d 208 [2011]; *Jacobs v Rolon*, 76 AD3d 905 [2010]).

Defendants met their initial burden of showing prima facie that plaintiff did not sustain a 90/180-day injury by submitting plaintiffs' bill of particulars stating that she was confined to bed and home for three days after the accident (*see Hospedales v "John Doe"*, 79 AD3d 536 [2010]). Plaintiffs raised a triable issue of fact by submitting the disability notices issued by plaintiff's treating physicians noting her inability to resume her job duties as of December 24, 2008 until at least May 6, 2009 (*see Escobar v Guzman*, 60 AD3d 421 [2009]). Concur—Gonzalez, P.J., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ.