■ DANIELLE J. BARRY et al., Respondents, v FRANCIS MANUEL ARIAS et al., Appellants. [942 NYS2d 57]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered March 24, 2011, which denied defendants' motion for summary judgment dismissing the complaint alleging serious injuries under the "permanent consequential limitation of use," "significant limitation of use," and 90/180-day categories of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiffs Danielle Barry and Cherlynn Reeves allege that they sustained serious injuries as a result of their car being rear-ended by defendants' livery cab in July 2008. Defendants made a prima facie showing that neither plaintiff sustained a permanent or significant injury by submitting the affirmed reports of a neurologist and orthopedist who, based upon examinations of plaintiffs in November 2009 and February 2010, found no neurological deficits and full ranges of motion in both plaintiffs' cervical and lumbar spines, and in Barry's right knee, and concluded that any alleged injuries had resolved. Further, the affirmed MRI reports of defendants' radiologist noted an absence of evidence of recent trauma or acute injuries to the spines (*see Porter v Bajana*, 82 AD3d 488 [2011]; *Amamedi v Archibala*, 70 AD3d 449, 449 [2010], *lv denied* 15 NY3d 713 [2010]). The physicians' failure to review plaintiffs' medical records does not require denial of defendants' motion, as the doctors detailed the objective tests they employed during the examinations to find full ranges of motion, and the radiologist's finding of absence of recent trauma was based on an independent review of the MRI films (*see Canelo v Genolg Tr., Inc.*, 82 AD3d 584 [2011]; *Clemmer v Drah Cab Corp.*, 74 AD3d 660, 660-661 [2010]; *DeJesus v Paulino*, 61 AD3d 605, 607 [2009]).

Neither plaintiff raised a triable issue of fact to defeat summary judgment, as none of their medical evidence was submitted in admissible form. Their radiologists' and physiatrist's

reports were unaffirmed (*see* CPLR 2106; *Lazu v Harlem Group, Inc.*, 89 AD3d 435 [2011]; *Pinkhasov v Weaver*, 57 AD3d 334 [2008]). Although their chiropractor affirmed his reports, reports of chiropractors must be subscribed before a notary or other authorized official (*see Shinn v Catanzaro*, 1 AD3d 195, 197-198 [2003]; *see also* CPLR 2106).

Defendants did not submit any evidence contradicting plaintiff Barry's allegations and testimony that she was confined to home and was unable to work for three months, or any evidence negating existence of a 90/180-day injury (*see Suazo v Brown*, 88 AD3d 602 [2011]; *Alozie v Tempesta & Son Co., Inc.*, 83 AD3d 535 [2011]). However, the reports of defendants' radiologist finding only degenerative changes related to Barry's age and body habitus, and Barry's own deposition testimony that she had injured her lower back before the accident, established prima facie lack of causation, and Barry failed to submit any admissible evidence sufficient to raise an issue of fact (*Mitrotti v Elia*, 91 AD3d 449 [2012]; *Jimenez v Polanco*, 88 AD3d 604 [2011]). Concur—Andrias, J.P., Friedman, Acosta, Freedman and Richter, JJ.