Defendants failed to make a prima facie showing that plaintiff did not sustain a serious injury to her right knee. An MRI of the knee taken less than three weeks after the accident showed that plaintiff had sustained “a linear tear of the posterior horn of the medial meniscus with a second small tear of the free edge of the body of the medial meniscus.” Defendants’ expert, Dr. Katzman, failed to address the positive findings on the MRI, *577 and indeed, does not appear to have reviewed any of the relevant medical records, including contemporaneous reports of diminished ranges of motion. Dr. Katzman failed to proffer any medical evidence that plaintiffs knee injuries were not caused by the accident, merely opining, in conclusory fashion, that she had a resolved knee sprain, in spite of the fact that Dr. Katzman himself observed signs of injury such as an antalgic gait. This was insufficient to meet defendants’ burden (see Patterson v Rivera, 49 AD3d 337 [1st Dept 2008]; Nix v Yang Gao Xiang, 19 AD3d 227 [1st Dept 2005]).
Plaintiffs submissions, in any event, raise a triable issue of fact. Plaintiff submitted a certified copy of the Lenox Hill emergency department record; affirmed medical records of Dr. Robert Kutnick, plaintiff’s primary care physician, detailing plaintiffs’ complaints and postaccident treatment; an affirmation and MRI report of radiologist Dr. Jacob Lichy, interpreting plaintiffs right knee MRI studies; and the affirmed report of her treating orthopedist, Dr. Mark McMahon, who first examined plaintiff on August 1, 2007, approximately one week after the accident. Dr. McMahon found progressing reductions in range of motion and consistent positive McMurray tests, among other things, and recommended knee surgery, which plaintiff could not undergo due to a health condition unrelated to the accident. Evaluations that Dr. McMahon conducted three years after the July 2007 accident revealed a 30% loss in range of motion, as measured by objective testing (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-351 [2002]; Delgado v Papert Tr., Inc., 93 AD3d 457, 458 [1st Dept 2012]; Mitchell v Calle, 90 AD3d 584, 584 [1st Dept 2011]). Dr. McMahon also noted that plaintiff experienced buckling and occasional clicking of the knee, and that she had difficulty ascending and descending stairs, bending, and sitting for extended periods of time (see Fuentes v Sanchez, 91 AD3d 418, 419 [1st Dept 2012]). Further, he maintained that arthroscopic surgery would have been the best method to resolve the condition.
Defendants did not submit any evidence as to causation. In any event, Dr. McMahon’s opinion that plaintiffs injuries were caused by the accident is sufficiently supported by plaintiff’s claim that she was previously asymptomatic and a lack of records showing otherwise (see Perl v Meher, 18 NY3d 208, 218-219 [2011]; Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [1st Dept 2011]).
Finally, defendants failed to meet their burden of establishing, prima facie, the absence of a 90/180-day injury. While plaintiff testified that she was confined to home for only two *578 months, she also testified that she missed 11 months of work as a maternity ward nurse due to pain in her right knee. Dr. Katzman’s examination postdated the requisite 180-day period, and defendants submitted no evidence disproving that plaintiff was unable to work for 11 months due to a medically determined injury (see Quinones v Ksieniewicz, 80 AD3d 506, 506-507 [1st Dept 2011]). Concur — Andrias, J.E, Sweeny, Catterson and Manzanet-Daniels, JJ.