■ VANCE STEINBERGIN, Respondent, v SAFDA ALI et al., Appellants. [953 NYS2d 25]—

Defendants met their prima facie burden of demonstrating that plaintiff did not suffer a permanent right shoulder injury by submitting the affirmation of an orthopedist who found that it demonstrated a full range of motion in every plane except for one, comparing plaintiff's values to normal (*see Vega v MTA Bus Co.*, 96 AD3d 506, 507 [1st Dept 2012]; *Spencer v Golden Eagle, Inc.*, 82 AD3d 589, 590-591 [1st Dept 2011]). The minor diminution in a single plane was not significant enough to constitute a serious injury (*see Canelo v Genolg Tr., Inc.*, 82 AD3d 584 [1st Dept 2011]; *Sone v Qamar*, 68 AD3d 566 [1st Dept 2009]).

Plaintiff failed to raise an issue of fact in opposition. His orthopedic surgeon found, at two follow-up visits, that plaintiff's right shoulder had "excellent range of motion" after he conducted arthroscopic surgery upon it, and no other evidence

of recent limitation was offered (*see Oberly v Bangs Ambulance*, 96 NY2d 295, 299 [2001]; *Dufel v Green*, 84 NY2d 795, 798 [1995]). In any event, plaintiff concedes that he did not sustain a serious injury under the "permanent consequential" and "significant limitation" categories of Insurance Law § 5102 (d).

However, defendants failed to meet their prima facie burden as to plaintiff's 90/180-day claim. Their expert did not examine plaintiff until almost four years after the accident, and, therefore, could not speak to plaintiff's condition during the relevant period (*see Quinones v Ksieniewicz*, 80 AD3d 506, 506-507 [1st Dept 2011]). In any event, plaintiff submitted the affirmation of his orthopedic surgeon, who treated him on multiple occasions during the relevant period, and found that he was disabled. Viewing the evidence in a light most favorable to plaintiff, as we must at this procedural posture (*see Cruz v Rivera*, 94 AD3d 576 [1st Dept 2012]), and considering it in conjunction with plaintiff's testimony that he did not return to work for about two years after the accident, was confined to bed for about three months, and was confined to home for about a year and a half, plaintiff raised an issue of fact in opposition (*see Gaddy v Eyler*, 79 NY2d 955, 958 [1992]; *Alexandre v Dweck*, 44 AD3d 597 [2d Dept 2007]). Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Manzanet-Daniels, JJ.