Defendant met her prima facie burden as to plaintiffs alleged serious injuries. With regard to the alleged cervical spine injury, defendant submitted the affirmed report of a radiologist opining that the MRI revealed no disc bulges, herniations, or changes causally related to the accident, and the affirmation of an orthopedist stating that plaintiff could not have sustained the alleged injuries as a result of the accident because if he had, he would have suffered from immediate pain, yet plaintiff did not seek treatment until five days after the accident (see Barry v Arias, 94 AD3d 499 [1st Dept 2012]; Paulino v Rodriguez, 91 AD3d 559 [1st Dept 2012]; Farrington v Go On Time Car Serv., 76 AD3d 818, 819 [1st Dept 2010]). Plaintiff failed to raise an issue of fact in opposition because he offered no admissible objective medical evidence of an injury to his cervical spine and the EMG/NVC study revealing radiculopathy is unsworn (see CPLR 2106; Barry v Arias, 94 AD3d at 499-500).
As to plaintiff’s left knee injury, defendant met her prima facie burden by offering a radiologist’s report stating that the MRI was unremarkable and showed no evidence of acute *422 traumatic injury, and the affirmations of two orthopedists stating that any injuries were not caused by the accident. In opposition, plaintiff submitted no objective evidence in support of his claim of meniscal tears. However, plaintiff raised an issue of fact in opposition by proffering the affirmation of his orthopedist who opined that plaintiff exhibited patella crepitation and chondromalacia causing diminished range of motion in extension and flexion, and that these conditions, especially as to the left knee, were caused by the accident (see Pommells v Perez, 4 NY3d 566, 576-577 [2005]).
We have considered the defendant’s remaining arguments and find them unavailing. Concur — Saxe, J.P., Friedman, Acosta, Renwick and Freedman, JJ.