Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered June 15, 2011, which granted defendants’ motions for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), reversed, on the law, without costs, and the motions denied.
Defendants made a prima facie showing that plaintiff did not suffer from a permanent or significant limitation as a result of the accident. They submitted the affirmed report of an orthopedist, who opined that plaintiff’s left wrist and lumbar spine injuries were degenerative and not caused by the accident. In reaching these conclusions, the orthopedist indicated that he reviewed the operative report for surgery performed on plaintiff’s left wrist less than four months after the accident and found that it describes a “complex tear of the fibrocartilage” and that such tears “are due to chronic degeneration.” As to the lumbar spine, the orthopedist, inter alia, pointed to a report of an MRI taken 17 days after the accident that failed to reveal any nerve root impingement, which he believed meant there was no basis on which to attribute plaintiffs alleged lumbar spine injuries to the accident. Defendants also *528 submitted affirmed radiologist reports, based upon review of three MRIs, all taken within three weeks of the accident, that no traumatic injury had been sustained to the left shoulder, left wrist or lumbar spine (see Barry v Arias, 94 AD3d 499 [1st Dept 2012]; Paulino v Rodriguez, 91 AD3d 559 [1st Dept 2012]).
In opposition, plaintiff raised an issue of fact as to her left wrist and left shoulder. Plaintiff submitted affirmed reports of her radiologists stating that her MRIs showed a tear in the wrist and other injuries to her shoulder (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). She also submitted the affirmation of her orthopedic surgeon, who found limited ranges of motion in the left wrist even after surgery, as well as continuing limits in the range of motion of her shoulder (see Paulino, 91 AD3d at 559). The orthopedic surgeon refuted the degenerative findings of defendants’ expert and opined that the accident was the cause of plaintiffs injuries {see Perl v Meher, 18 NY3d 208, 218-219 [2011]; Pinzon v Gonzalez, 93 AD3d 615, 616 [1st Dept 2012]). Contrary to defendants’ contention, plaintiff adequately explained the gap in treatment {compare Pommells v Perez, 4 NY3d 566, 574 [2005], with Serbia v Mudge, 95 AD3d 786, 787 [1st Dept 2012]).
Since plaintiff raised an issue of fact with respect to her left wrist and left shoulder, it is unnecessary to address whether her proof with respect to her lumbar spine was sufficient to withstand defendants’ motions for summary judgment {see Linton v Nawaz, 14 NY3d 821 [2010]).
With regard to the 90/180-day claim, defendants asserted that plaintiff cannot show that she suffered this category of “serious injury” because she testified at her deposition that she was confined to her bed for only a week and to her home for only two weeks, and that she had taken several trips within the United States, as well as abroad, during the pertinent period. Furthermore, the radiologist’s reports on the MRIs taken shortly after the accident refuted any accident-related injury, as did those portions of the orthopedist’s report based on the operative report and MRI report prepared within 180 days of the accident.
In order for a plaintiff to establish a serious injury based upon an inability to perform her usual and customary activities for more than 90 of the 180 days following an accident, she “must present objective evidence of ‘a medically determined injury or impairment of a non-permanent nature’ ” {Toure, 98 NY2d at 357). Thus, a defendant who submits medical evidence that the plaintiff did not sustain a medically determined injury or impairment of a non-permanent nature has met his burden *529 of proof (Barry v Arias, 94 AD3d at 500; Jno-Baptiste v Buckley, 82 AD3d 578 [1st Dept 2011]; Fernandez v Niamou, 65 AD3d 935 [1st Dept 2009]; Ortiz v Ash Leasing, Inc., 63 AD3d 556 [1st Dept 2009]; Reyes v Esquilin, 54 AD3d 615 [1st Dept 2008]; Nelson v Distant, 308 AD2d 338 [1st Dept 2003]). Defendants, by relying on plaintiffs deposition testimony and the affirmations of an orthopedist and radiologist who claimed that there was no traumatic injury at the time of the accident, met their prima facie burden of showing that plaintiff did not suffer a serious injury under the 90/180 day category.
In opposition to this evidence, plaintiff raised an issue of fact by submitting her affidavit stating that her doctors regarded her as unable to perform her job duties, an affirmation from her orthopedic surgeon that she was totally disabled and a copy of a check from the Social Security Administration to show that she was receiving disability payments (see Fuentes v Sanchez, 91 AD3d 418, 420 [1st Dept 2012]).
We note that cases such as Steinbergin v Ali (99 AD3d 609 [1st Dept 2012]), Singer v Gae Limo Corp. (91 AD3d 526 [1st Dept 2012]), and Quinones v Ksieniewicz (80 AD3d 506 [1st Dept 2011]), which rely on the fact that defendants’ doctors examined the plaintiff years after the accident, are inapplicable to the situation at bar. In the instant case, defendants’ physicians interpreted an operative report and MRIs created shortly after the accident. While defendants’ physicians may have written their reports years after the accident, their opinions plainly speak to plaintiffs condition as of the dates of the underlying operative report and MRIs they interpreted, which, to reiterate, were created well within the period relevant to a 90/180-day claim. Again, the MRIs were all created within three weeks of the accident, and the operative report was based on an operation performed less than four months after the accident.
Acosta and Manzanet-Daniels, JJ., concur in a separate memorandum by Manzanet-Daniels, J., as follows: I am compelled to disagree with the majority’s conclusion that defendants made a prima facie case on the 90/180-day claim (see Quinones v Ksieniewicz, 80 AD3d 506, 506-507 [1st Dept 2011]). The reports of defendant’s medical experts were based on examinations conducted more than three years after the accident, and thus cannot speak to plaintiffs condition during the relevant period (see id.-, Steinbergin v Ali, 99 AD3d 609, 610 [1st Dept 2012]). Defendants failed to refute either the medical evidence showing that plaintiff was disabled following the accident, or plaintiffs testimony that she was confined to bed and home following the accident and missed more than 90 days of work.
*530 Plaintiff in any event raised an issue of fact by submitting her affidavit stating that her doctors regarded her as unable to perform her job duties, an affirmation from her orthopedic surgeon, and a copy of a check from the Social Security Administration (see Fuentes v Sanchez, 91 AD3d 418, 420 [1st Dept 2012]).
Concur—Friedman, J.P., Acosta, Abdus-Salaam, Manzanet-Daniels and Román, JJ.