Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered February 23, 2012, which granted defendants Mohiuddin Mollah and Point West Trans Inc.’s motion and defendant Jonathon Morse’s cross motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.
Defendants met their prima facie burden of showing that plaintiff did not sustain a serious injury to his cervical spine and lumbar spine by submitting a neurologist’s affirmation stating that, upon conducting an examination of plaintiff, she found a full range of motion in every plane of both body parts, and compared plaintiffs values to normal (see Steinbergin v Ali, 99 AD3d 609 [1st Dept 2012]). Contrary to plaintiffs argument, defendants’ expert was not required to specifically address the diagnostic findings in plaintiffs medical records (see Robinson v Joseph, 99 AD3d 568 [1st Dept 2012]; Fuentes v Sanchez, 91 AD3d 418, 419 [1st Dept 2012]; Clemmer v Drah Cab Corp., 74 AD3d 660, 660-661 [1st Dept 2010]). Plaintiffs’ remaining arguments attempting to undermine that affirmation are unpreserved for review and, in any event, unpersuasive (see Feliz v Fragosa, 85 AD3d 417, 418 [1st Dept 2011]).
Plaintiff failed to raise an issue of fact in opposition. The only sworn evidence plaintiff proffered was an affidavit from his chiropractor who, following an examination conducted shortly after the one performed by defendants’ neurologist, acknowledged that both body parts exhibited a full range of motion in every plane, and offered no qualitative assessment of any limitations. Even if plaintiff’s unaffirmed MRI reports showing bulging discs could be considered, his showing would be insufficient because “bulging or herniated discs are not, in and of themselves, evidence of serious injury without competent objective evidence of the limitations and duration of the disc injury” (Wetzel v Santana, 89 AD3d 554, 554 [1st Dept 2011]). Further, findings based on subjective complaints of pain are insufficient to raise a triable issue of fact (Arenas v Guarnan, 98 AD3d 461 [1st Dept 2012]).
We need not determine whether defendant Morse’s cross motion for summary judgment was timely, because once it was established by defendants Mollah and Point West that plaintiff did not meet the serious injury threshold, the complaint would *645 be dismissed as to all codefendants as well (see Britton v Villa Auto Corp., 89 AD3d 556 [1st Dept 2011]).
We have considered plaintiffs remaining contentions and find them unavailing.
Concur—Tom, J.E, Acosta, Román, Feinman and Clark, JJ.