Francisco Diaz et al., Respondents, v Felix Dela Cruz et al., Appellants. [4 NYS3d 192]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered December 12, 2013, which denied defendants' motion for summary judgment dismissing the complaint based on the failure to meet the serious injury threshold pursuant to Insurance Law § 5102 (d), unanimously affirmed, without costs.

Assuming defendants met their prima facie burden of showing that plaintiff did not sustain a serious injury to his cervical or lumbar spine by submitting the affirmed report of an orthopedist who found full ranges of motion (*see Perl v Meher*, 18 NY3d 208, 216-217 [2011]; *Levinson v Mollah*, 105 AD3d 644 [1st Dept 2013]), plaintiff raised an issue of fact as to whether he sustained serious injuries by submitting the affirmed report of a radiologist who interpreted plaintiff's cervical and lumbar spine MRIs, and found herniated discs at several levels. Plaintiff also submitted an affidavit from his treating chiropractor who found deficits in ranges of motion in the cervical and lumbar spines, shortly after the accident and currently, and causally connected these deficits to the accident, opining that they were unrelated to his age or any prior trauma, as evidenced by his ability to work full time as a taxi driver prior to the accident (*see Santos v Perez*, 107 AD3d 572, 573 [1st Dept 2013]; *Torain v Bah*, 78 AD3d 588 [1st Dept 2010]).

Defendants also met their prima facie burden of showing lack of a 90/180-day injury by relying on plaintiff's allegations in his bill of particulars and report to an examining chiroprac-

tor that he missed less than 90 days from work (*see Rosa-Diaz v Maria Auto Corp.*, 79 AD3d 463 [1st Dept 2010]). However, plaintiff raised an issue of fact by submitting his own affidavit averring that he was disabled from work for three months, and his chiropractor's affidavit averring that plaintiff was disabled from work for three months due to a medically determined injury to his spine. This conflict precludes summary judgment. Concur—Friedman, J.P., Sweeny, Saxe, Feinman and Clark, JJ.