■ WAUSAU UNDERWRITERS INSURANCE COMPANY, Appellant, v ST. BARNABAS HOSPITAL et al., Respondents.—Order, Supreme Court, New York County (David B. Saxe, J.), entered November 25, 1987, denying plaintiff's motion for summary judgment, unanimously reversed on the law, without costs or disbursements, the motion granted and a declaration made that plaintiff is not obligated to defend or indemnify its insured, defendant Future Ambulette Service, under its policy of automobile insurance for a claim asserted by defendant Pearly Mae Allen.

On June 12, 1985 Allen was injured when she slipped and fell "on the stairs in the entrance [of St. Barnabas Hospital] just past the main door to the building which houses the neurology department on the second floor." Ms. Allen alleges that after being transported to the hospital by Future Ambulette Service she was left unattended at the entrance and, as a result of Future's lack of supervision and care, caused to fall. Ms. Allen thereafter sued both the hospital and Future for her injuries, claiming negligence in the care, treatment and service they rendered her.

Future subsequently requested coverage for defense and indemnification from Wausau Underwriters Insurance under its business automobile liability policy, which provides for coverage for accidents "resulting from the ownership, maintenance or use of a covered auto." Wausau instituted this action, seeking a declaration that it is not obliged to defend or indemnify Future because the accident does not fall within the ambit of its policy's coverage.

In opposition to Wausau's motion for summary judgment, the hospital argued that Future's duties included escorting

patients to and from its vehicle, and Future claimed that Wausau was aware that its duties included escorting patients to and from the hospital and the ambulette. The court, noting also that an insurer's duty to defend is broader than its duty to indemnify, denied the motion on the ground that Wausau failed to demonstrate conclusively that the accident fell within the exclusions of the policy. We submit that whether the accident fell within an exclusion was never the issue since clearly the accident was outside the scope of the Wausau policy's coverage as a matter of law. *(See, e.g., Schiff Assocs. v Flack,* 73 AD2d 329, *affd* 51 NY2d 692.) Thus, we reverse.

Where coverage is provided for use and operation of a vehicle, to invoke even an insurer's duty to defend, the "use of the motor vehicle must be the proximate cause of the injury". *(Lumbermen's Mut. Cas. Co. v Logan,* 88 AD2d 971.) In *Lumbermen's,* a close analogy to the case here, the court refused to compel the automobile insurer to defend a claim for an injury resulting from a fall in an icy parking lot, because the accident did not arise "from the intrinsic nature of the motor vehicle * * * nor did the vehicle itself produce the injury". *(Supra.)*

The accident in this case occurred inside the doors of St. Barnabas Hospital. The use of Future's ambulette was in no way involved in causing Ms. Allen's injuries. Regardless of what services Future is required to provide to its patients in escorting them into the hospital, an issue that is related to liability, not coverage, Wausau is not obligated to defend or provide indemnity for a claim based on an accident which does not arise from the use or operation of the ambulette. The claim that Wausau was aware of Future's duty to escort its patient-clients in and out of the hospital is an argument better directed to the party which placed the policy for it. An insured is presumed to know the terms of its policy *(Metzger v Aetna Ins. Co.,* 227 NY 411, 416). No ambiguity is present. Nor is any claimed. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Smith, JJ.