■ ALBERT McLEAN, Respondent, v WICAL REALTY CORP., Respondent and Third-Party Plaintiff-Respondent. HATFIELD CONSTRUCTION CORPORATION, Third-Party Defendant-Appellant. (And a Second Third-Party Action.)—Judgment, Supreme Court, New York County (Carl J. Mugglin, J.), entered March 27, 1991 which, *inter alia,* directed a verdict on the issue of liability in favor of the plaintiff against defendant Wical Realty Corp. and, directed a verdict in favor of the defendant Wical Realty Corp. against third-party defendant Hatfield Construction Corporation unanimously reversed on the law and the matter is remanded for a new trial, without costs.

Plaintiff, an employee, of third-party defendant Hatfield Construction Corporation in charge of supervising the various tradesmen (carpenters, electricians, etc.) doing construction and renovation work at 164 Washington Park, Brooklyn, New York, was injured when he fell down a stairway at the premises into a pile of construction debris. While temporary lighting was used during the performance of work, the stairway down which plaintiff fell, was dark, because the workmen had left early due to a holiday. In addition, there was evidence that the plaintiff was examining a punch list to determine what work was left to be done while walking down the steps. It was plaintiff's contention that he fell because his foot got caught on electrical wiring suspended from a bannister.

The trial court improperly directed a verdict in favor of the plaintiff on the issue of liability. While Labor Law § 241 imposes a nondelegable duty upon owners and contractors to provide that the area in which work is to be performed is safe, irrespective of their control or supervision of the work site *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 300, *rearg denied* 45 NY2d 776), the comparative negligence of the plaintiff remains as a defense to an action instituted under the section *(Long v Forest-Fehlhaber,* 55 NY2d 154). The trial court should have submitted the issue of liability to the jury with a proper instruction on comparative negligence *(supra).* Given this conclusion we need not reach the other issues raised by the third-party defendant-appellant. Concur—Murphy, P. J., Carro, Wallach, Ross and Rubin, JJ.