■ DANA ENTERPRISES, INC., Respondent, v TWIN CITY FIRE INSURANCE COMPANY et al., Appellants. [627 NYS2d 29] —Judgment, Supreme Court, New York County (Walter M. Schackman, J.), entered May 25, 1994, which granted plaintiff's motion for summary judgment declaring that defendants are obligated to defend and indemnify plaintiff in an underlying action entitled *Joseph v Dana Enters.,* unanimously reversed, on the law, without costs, and summary judgment granted to defendants declaring that they are not so obligated.

Plaintiff Dana Enterprises, Inc. ("Dana"), which is in the business of providing bus transportation to handicapped children, is insured by defendants in a policy providing: "We will pay all sums the insured legally must pay as damages because

of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of covered auto."

The lawsuit in which plaintiff seeks to be defended and indemnified pursuant to this section arises out of the allegation of the plaintiff therein that a man employed as a bus driver by Dana had, during the course of his employment, driven a child for whom the plaintiff therein was caring, had accompanied the child to plaintiff's doorway and had then forced his way into the home and sexually assaulted her. The action against Dana is based on theories of respondeat superior and negligent hiring.

Even taking into account the high burden that defendants must meet to demonstrate that an exclusion from coverage relieves them of their obligation to defend (see, e.g., Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 652), it is clear that these facts do not come with the coverage contemplated by the policy at issue. The injuries to the plaintiff in the underlying action were clearly and unequivocally not caused by an accident resulting from the ownership, maintenance or use of an automobile (see, Wausau Underwriters Ins. Co. v St. Barnabas Hosp., 145 AD2d 314). Under these circumstances, defendants' motion for summary judgment declaring that they are not obligated to defend and indemnify should have been granted. Concur—Ellerin, J. P., Asch, Nardelli and Williams, JJ.