■ PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Respondent, v PENN-STAR INSURANCE COMPANY, Appellant, et al., Defendants. [934 NYS2d 93]—

In this action for a declaratory judgment in an insurance

coverage dispute, arising from a slip and fall on oil which occurred in the basement boiler room of a residential building one day after the insured's oil delivery truck delivered oil to the building, the motion court correctly found that the general automobile policy issued to the insured by plaintiff does not provide coverage for the underlying personal injury action. Defendant's argument that the automobile policy was implicated simply because the oil was transported in a covered vehicle is unpersuasive (see *Wausau Underwriters Ins. Co. v St. Barnabas Hosp.*, 145 AD2d 314, 315 [1988]; see also *Zaccari v Progressive Northwestern Ins. Co.*, 35 AD3d 597, 599-600 [2006]).

Defendant's argument regarding the implication of its own automobile exclusion clause is, for the same reasons, unpersuasive. Neither do the facts of this case implicate the policy's exclusion from products-completed operations hazard coverage for "[w]ork that has not yet been completed or abandoned," in as much as the slip-and-fall accident occurred one day after the insured made the oil delivery.

Finally, summary judgment was not premature. Defendant has failed to present any "evidentiary basis [for its] suggest[ion] that discovery may lead to relevant evidence" (*Bailey v New York City Tr. Auth.*, 270 AD2d 156, 157 [2000]). Further, under the circumstances of this case, plaintiff's counsel was entitled to rely on his affidavit in support of plaintiff's motion for summary judgment (see *Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Concur—Andrias, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.