■ HUSEYIN ERKAN et al., Appellants, v McDONALD's CORPORATION et al., Respondents. [44 NYS3d 429]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered April 28, 2015, which denied plaintiffs' motion for partial summary judgment on their Labor Law § 240 (1) claim, without prejudice to renew upon the completion of discovery, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff Huseyin Erkan alleges that while installing tiles on the exterior of defendant McDonald's Corporation's new restaurant, he was injured when he fell to the ground after the unsecured ladder on which he was standing shifted and tilted as he attempted to step onto an adjacent, unsecured Baker's scaffold in order to continue his work.

Plaintiffs commenced their action against McDonald's and the general contractor, Custom Commercial Construction Corp.

claiming violations of Labor Law §§ 200, 240 (1), and 241 (6), and spoliation of the ladder.* The parties entered into a preliminary conference order requiring in relevant part that defendants serve their disclosure by January 22, 2015, with depositions to commence in April 2015. Defendants failed to provide their disclosure by the deadline, and on January 23, 2015, plaintiff made the instant motion for partial summary judgment on the Labor Law § 240 (1) claim, or to strike defendants' answers on the grounds of spoliation.

Plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability under Labor Law § 240 (1), through his affidavit stating that he was not provided with any safety equipment that could have protected him while performing his work alone on the ladder and scaffold (see generally Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49 [2015]). Once it is determined that the owner or contractor failed to provide the necessary safety devices required to give a worker "proper protection," absolute liability is inescapable under Labor Law § 240 (1) (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500 [1993]). Thus, in opposition, defendants were required to produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact to preclude summary judgment (CPLR 3212 [b]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

Here, defendants' primary argument before the motion court was that the motion is premature because plaintiff had not yet been deposed. However, they failed to identify what information is in the exclusive control of plaintiff that would raise a material issue of fact such that CPLR 3212 (f) would warrant denial of the motion. Custom Commercial submitted an affidavit by its vice president stating that the company did not own or use ladders or scaffolds on the job. This claim has no import under the absolute liability standard of Labor Law § 240 (1) (see Ross at 500-501). At oral argument, and in defendant Custom Commercial's brief, it was conceded that this accident was unwitnessed. Defendants argue, however, that the unverified accident report and a few unverified medical records, in inadmissible form, suggest that plaintiff may not have been working alone, that there might not have been a Baker's scaffold in the area, and that initially after the accident, he could not remember how it happened. Custom Commercial submitted additionally an unsworn statement written by plaintiff's

---

* Plaintiff Emine Erkan's claims are derivative of her husband's Labor Law claims.

employer, who claimed that one of his employees told him that plaintiff had disregarded his instructions from that morning to tile no higher than five feet from the ground and borrowed a ladder from another subcontractor in order to tile a part of the wall up to the roof line.

Records without proper certification may be considered in opposition to a motion for summary judgment, but only when they are not the sole basis for the court's determination (*see Djeddah v Williams*, 89 AD3d 513, 514 [1st Dept 2011]; *Clemmer v Drah Cab Corp.*, 74 AD3d 660, 661 [1st Dept 2010]). Here, the unverified documents and unsworn statement are the *only* evidence to challenge details of plaintiff's version of the accident and therefore should not be considered. "The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion" (*Guerrero v Milla*, 135 AD3d 635, 636 [1st Dept 2016] [internal quotation marks omitted]).

In sum, defendants have not offered an evidentiary basis "to suggest that discovery may lead to relevant evidence" (*DaSilva v Haks Engrs., Architects & Land Surveyors, P.C.*, 125 AD3d 480, 482 [1st Dept 2015] [internal quotation marks omitted]; *see also Progressive Northeastern Ins. Co. v Penn-Star Ins. Co.*, 89 AD3d 547, 548 [1st Dept 2011]). Even if the unverified evidence were considered, it does not show that there are not-yet-stated facts only known to plaintiff that would call into question the central claim that plaintiff was not provided with proper safety equipment for his work. Further, even if a worker is found to have contributed to the accident, once it is determined that the owner or contractor did not provide proper protection to the employee, it will be found liable under Labor Law § 240 (1) (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521 [1985]). Unless the worker's actions were the sole proximate cause of his or her injuries, the owner and contractor remain statutorily liable under Labor Law § 240 (1) (*see Hernandez v Bethel United Methodist Church of N.Y.*, 49 AD3d 251, 252-253 [1st Dept 2008]). However, defendants have not adequately raised an issue of fact as to whether plaintiff was the sole proximate cause of his accident.

We have considered defendants' remaining arguments and find them unavailing. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.