■ WING HON PRECISION INDUSTRY LTD., Appellant, v DIAMOND QUASAR JEWELRY, INC., Doing Business as JACOB & CO., et al., Respondents. [64 NYS3d 1]—

Order, Supreme Court, New York County (Debra A. James, J.), entered May 5, 2017, which, to the extent appealed from as limited by the briefs, denied plaintiff summary judgment on its account stated cause of action, and denied plaintiff summary judgment dismissing the sixth and seventh counterclaims, and the third, sixth, seventh, and ninth through seventeenth affirmative defenses, unanimously modified, on the law, to grant plaintiff summary judgment on the account stated claim, except with respect to the three invoices seeking payment for defective cufflinks; grant plaintiff summary judgment dismissing the sixth and seventh counterclaims and the third, sixth, seventh, ninth, sixteenth and seventeenth affirmative defenses, except with respect to the defective cufflinks; grant plaintiff summary judgment dismissing the tenth through fifteenth affirmative defenses and the first through fifth counterclaims, and as so modified, affirmed, without costs.

Defendants raised a triable issue of fact as to the account stated claim insofar as it is directed to the three invoices seeking payment for the cufflinks. They produced an email showing that they objected to these products, which were defective and in need of repair.

Defendants concede in their answer that they did not object to 33 separate invoices, representing an unpaid balance of $245,368.08. Further, the affidavit of Jacob Arabov, the president of defendant Jacob & Company Watches, Inc., fails to raise a triable issue of fact as to Arabov's alleged oral objections to the remaining invoices (*Darby & Darby v VSI Intl.*, 95 NY2d 308, 315 [2000]). Thus, plaintiff is entitled to summary judgment on the account stated claim, except with respect to the three invoices seeking payment for the defective cufflinks.

For the same reasons, the sixth counterclaim/sixteenth affirmative defense (breach of contract) and seventh counterclaim/ seventeenth affirmative defense (breach of warranty) and the third, sixth, seventh, and ninth affirmative defenses are dismissed, except with respect to the defective cufflinks.

The eleventh through fifteenth affirmative defenses, alleging various violations of defendants' intellectual property rights, are dismissed. Plaintiff made a prima facie showing that defendants were aware as early as May 2010 that plaintiff was manufacturing certain watches in collaboration with two overseas companies, yet failed to object. Defendants failed to raise a triable issue of fact concerning their allegation that they did not authorize the manufacture of the watches. Although plaintiff did not separately move to dismiss the first through fifth counterclaims, they are identical to, and asserted together with, the eleventh through fifteenth affirmative defenses. Therefore, we dismiss those counterclaims as well.

The tenth affirmative defense, asserting a violation of Business Corporation Law § 1312, is dismissed as abandoned by the defendants as they have failed to address the dismissal of such affirmative defense in their appellate briefs (*see Derico v City of New York*, 66 AD2d 740 [1st Dept 1978]). Concur— Manzanet-Daniels, J.P., Mazzarelli, Moskowitz, Kahn and Kern, JJ.