Luciano v New York City Hous. Auth. (2018 NY Slip Op 00473)





Luciano v New York City Hous. Auth.


2018 NY Slip Op 00473


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Manzanet-Daniels, J.P., Gische, Tom, Gesmer, Singh, JJ.


5514 23059/12

[*1]Anthony Luciano, Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant.


Herzfeld & Rubin, P.C., New York (Linda M. Brown of counsel), for appellant.
Zaremba Brown, PLLC, New York (Brian Brown of counsel), for respondent.



Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered February 17, 2017, which granted plaintiff's motion for summary judgment as to liability on the Labor Law § 241(6) claim insofar as predicated on Industrial Code (12 NYCRR) § 23-1.7(d), unanimously modified, on the law, to the extent of directing a trial on the issue of comparative negligence, and otherwise affirmed, without costs.
Plaintiff's testimony that he slipped on water on the floor of the stairwell where he was working establishes prima facie a violation of Labor Law § 241(6) predicated on Industrial Code § 23-1.7(d) ("Slipping hazards"). In opposition, defendant, relying solely on speculative hearsay testimony (by another employee), failed to raise an issue of fact as to the way the accident occurred (see Ying Choy Chong v 457 W. 22nd St. Tenants Corp., 144 AD3d 591, 592 [1st Dept 2016]; see also Marrero v 2075 Holding Co. LLC, 106 AD3d 408-409 [1st Dept 2013]).
While the record demonstrates defendant's liability as a matter of law, an issue of fact exists as to negligence on plaintiff's part (see Long v Forest-Fehlhaber, 55 NY2d 154, 160 [1982]), which could result in an apportionment of liability (see Maza v University Ave. Dev. Corp., 13 AD3d 65 [1st Dept 2004]; McLean v Wical Realty Corp., 182 AD2d 554 [1st Dept 1992]). Plaintiff testified that, as he entered the stairwell, he was looking up to determine the location of the box through which he was to run cable, and that, while carrying a ladder in one hand, he attempted to descend the staircase without looking at the stairs or the landing in front of him.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK