| |
|---|
| **Global Merchant Cash, Inc. v Mainland Ins. Agency Inc.** |
| 2024 NY Slip Op 30033(U) |
| January 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 451332/2022 |
| Judge: Verna L. Saunders |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. VERNA L. SAUNDERS, JSC | PART | 36 |
| | *Justice* | | |

-------------------------------------------------------------------X

GLOBAL MERCHANT CASH, INC.,
                      Plaintiff,

- v -

MAINLAND INSURANCE AGENCY INC. d/b/a MAINLAND
INSURANCE AGENCY and ERFAN NAGI,
                      Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 451332/2022 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49

were read on this motion to/for            **SUMMARY JUDGMENT**        .

      The relevant facts of this case are set forth in the decision and order dated April 15, 2022 (NYSCEF Doc. No. 26, *notice of entry*). In that decision and order, the Kings County Supreme Court granted that branch of defendants' motion to dismiss seeking dismissal of plaintiff's third and fourth causes of action for unjust enrichment and conversion, and that branch of defendants' motion seeking a change in venue. That court also found that the parties' transaction at issue is a merchant cash advance agreement. In summary, this action, sounding in breach of contract and personal guaranty, concerns the alleged non-payment of a portion of future receivables pursuant to a written cash advance agreement between the parties.

      Plaintiff now moves, pursuant to CPLR 3212, for an order granting summary judgment in its favor and against defendants for breach of contract and enforcement of the guaranty and for an order directing the Clerk of the Court to enter judgment in favor of plaintiff and against defendants in the principal amount of $31,606.16, plus pre-judgment interest at the statutory rate from December 21, 2020. Plaintiff also seeks attorneys' fees and costs against defendants.

      Plaintiff argues that pursuant to the Agreement for the Purchase and Sale of Future Receipts ("agreement") between plaintiff and Mainland Insurance Agency ("Mainland") and a personal guaranty executed by defendant Erfan Nagi ("Nagi"), both dated November 8, 2019, plaintiff was entitled to unobstructed access to ACH debit Mainland's account, and copies of its bank statements upon request (NYSCEF Doc. No. 44, *plaintiff's memo of law*, pg. 14). In support of the motion, plaintiff submits a Statement of Material Facts detailing the amount owed and sought (NYSCEF Doc. No. 43, *Statement of Material Facts*) and furnishes an affidavit from Jay Keller, its CEO, explaining the calculation of the amounts sought (NYSCEF Doc. No. 32, *Keller affidavit*). Plaintiff also submits a copy of e-mail communications wherein the parties purportedly attempted to discuss reduced weekly payments in light of the alleged negative effects of COVID-19 on Mainland's business (NYSCEF Doc. No. 39, *e-mail communication between the parties*). Plaintiff contends that it has performed under the agreement by tendering the full purchase price of $50,000.00 ("Purchase Price") in exchange for $69,500.00 of Mainland's future receivables ("Purchased Amount") to be paid to plaintiff from ten (10%) percent of Mainland's future receivables each business day ("Specified Percentage"). Mainland allegedly breached

**451332/2022  GLOBAL MERCHANT CASH, INC., vs. MAINLAND INSURANCE AGENCY INC.**
**D/B/A MAINLAND INSURANCE AGENCY ET AL**
**Motion No. 001**

**Page 1 of 4**

1 of 4

the agreement by failing to make weekly remittance since March 26, 2020; refusing to provide bank statements requested on July 31, 2020, August 10, 2020, September 8, 2020, and January 25, 2021; and repeatedly blocking plaintiff's ACH debit attempts. Plaintiff further argues that defendants have failed to tender the reduced payments that Mainland was required to make since December 21, 2020 (*id.*, at pg. 16; NYSCEF Doc. No. 39, *e-mails between the parties*). Plaintiff asserts that, upon Mainland's default, Nagi is liable for the full amount due since he guaranteed Mainland's performance under the agreement. Hence, plaintiff claims to be damaged by defendants' breach of their obligations under the agreement and the guaranty in the amount of $31,606.16. Plaintiff further articulates that it is entitled to attorneys' fees and costs pursuant to article 16.2 of the agreement. Additionally, plaintiff argues that defendants' usury defenses (second, third, fourth, fifth, and eighth affirmative defenses), which assert the agreement is usurious, illegal, fraudulent, unconscionable or a disguised loan agreement, should be dismissed since the decision and order dated April 15, 2022, found that the agreement is not usurious. Lastly, concerning defendants' sixth and seventh affirmative defenses (the COVID defenses), claiming impossibility, impracticability or frustration of purpose as a result of the COVID-19 pandemic, plaintiff argues that same should be dismissed because defendants did not provide company financial documents (such as bank statements, tax returns, receivables reports, profit/loss statements or other financial records) demonstrating a complete cessation of receivables since the pandemic, as claimed.

In opposition, defendants contend that the agreement is usurious because the imputed interest on the purchase was 33.90% and hence, summary judgment should be denied because issues of fact exist, and discovery remains outstanding. According to defendants, the dividing line between usurious loans and legitimate purchases is based on the real character of the transaction, not its form. Defendants posit that discovery is needed to ascertain whether the purchase was a legitimate purchase of future receipts or an illegitimate usurious loan. In furtherance of this point, defendants maintain that plaintiff did not comply with the agreement's reconciliation provision by failing to cease withdrawing of money from defendants' account once defendants represented that their receivables had stopped during the COVID-19 shutdown. According to the agreement's reconciliation clause, "[s]eller may request that Buyer adjust the Weekly Amount to more closely reflect the Seller's actual Future Receipts times the Specified Percentage. Seller agrees to provide Buyer any information requested by Buyer to assist in this reconciliation" (NYSCEF Doc. No. 5, ¶2 *of the agreement*). According to defendants, plaintiff did not comply with the reconciliation clause because despite their repeated explanation that they had no receipts that would justify payments, plaintiff nonetheless demanded payments. Defendants assert that they explained to plaintiff that, as the trustee over client funds, they could not simply give plaintiff access to withdraw funds from the account which may result in the misuse of client funds, and that they even agreed to send plaintiff wire transfers at their own expense to illustrate extreme good faith to keep up with the payments (which were not required). Thus, defendants argue that, at the very least, the factual record shows there is a triable issue of fact as to whether the reconciliation clause was illusory because, when exercised, plaintiff behaved like a creditor. According to defendants, plaintiff behaved like an entity seeking to collect a usurious loan rather than treat defendants as business partners from whom it could collect only when defendants had receivables. (NYSCEF Doc. No. 47, *defs' opposition*).

In reply, plaintiff argues that summary judgment should be granted because no issue of material fact exists as defendants failed to furnish an affidavit from an individual with knowledge disputing plaintiff's contentions. According to plaintiff, without an affidavit from an individual with knowledge, defendants' assertion that they had no receipts that would justify any payment to plaintiff during the COVID-19 pandemic, and that they could not simply give plaintiff access to withdraw funds from the account which could result in the misuse of client funds, lack merits. Therefore, plaintiff contends that defendants' assertion that they cooperated in providing information required to determine the fair

[* 2]

amount of daily/weekly withdrawals under the agreement, but that plaintiff treated the agreement as a usurious loan, is demonstrably false and fails to create an issue of fact precluding summary judgment. Concerning its Statement of Material Facts pursuant to 22 NYCRR § 202.8-g(c), plaintiff sets forth that defendants' failure to submit a response to same should be deemed as an admission of plaintiff's key allegations asserted therein. Lastly, plaintiff disputes defendants' claim that summary judgment is premature because discovery is outstanding, articulating that defendants have failed to demonstrate that any discovery is exclusively in plaintiff's possession pursuant to CPLR 3212(f) (NYSCEF Doc. No. 45, *reply*).

It is well-settled that the proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980].) Once this showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action or show that "facts essential to justify opposition may exist but cannot [now] be stated" (CPLR 3212 [f]; *see Zuckerman*, 49 NY2d at 562).

Here, plaintiff met its *prima facie* entitlement to summary judgment by submitting a copy of the uncontroverted agreement and guaranty. There is no dispute that plaintiff performed by tendering to defendants the purchase price of $50,000.00, as evidenced by the Merchant Statement Report and Jay Keller's affidavit. As the burden shifts, defendants fail to raise a triable issue of fact precluding summary judgment. In its April 15, 2022 decision and order, the court found that the agreement is not a loan but rather a merchant agreement (NYSCEF Doc. No. 26, *notice of entry*, pg. 7). That decision is not to be disturbed here. Moreover, despite defendants' claim that the reconciliation clause in the agreement was illusory, and that the contract is usurious and entirely unenforceable, the available proof evinces that plaintiff attempted to adjust payment amount insofar as it offered Mainland reduced payments as interim pandemic relief from the weekly amount, requested copies of Mainland's bank statements for the months of June, July, August and September of 2020, and in contravention of ¶ 2 of the agreement, defendants did not submit the requested documents (NYSCEF Docs. No. 35, 39, *agreement*; *e-mails between the parties*). The agreement reads in pertinent part that "seller [Mainland] agrees to provide Buyer [plaintiff] any information requested by Buyer [plaintiff] to assist in this reconciliation." Despite defendants' argument that discovery remains outstanding, "they failed to identify what information is in the exclusive control of plaintiff that would raise a material issue of fact such that CPLR 3212(f) would warrant denial of the motion" (*Erkan v McDonald's Corp.*, 146 AD3d 466, 467 [1st Dept 2017]). It has been ably held that, where, as here, "[t]he mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion" (*Guerrero v Milla*, 135 AD3d 635, 636 [1st Dept 2016]). Therefore, the court grants that portion of plaintiff's motion for summary judgment seeking $31,606.16 in its favor as against defendants.

Plaintiff also seeks dismissal of the remaining affirmative defenses of impossibility/frustration of purpose, arguing that they are conclusory. This court agrees. Insofar as defendants have not addressed that branch of plaintiff's motion seeking dismissal of those affirmative defenses, they are deemed abandoned (see *Wing Hon Precision Indus. Ltd. v Diamond Quasar Jewelry, Inc.*, 154 AD3d 550, 551 [1st Dept 2017]; *Carey & Assoc. LLC v 521 Fifth Ave. Partners, LLC*, 130 AD3d 469, 470 [1st Dept 2017]). Specifically, the First Department has declared that the "invocation of the pandemic as grounds for application of the doctrines of frustration of purpose or impossibility is an approach this

**451332/2022   GLOBAL MERCHANT CASH, INC., vs. MAINLAND INSURANCE AGENCY INC.          Page 3 of 4**
**D/B/A MAINLAND INSURANCE AGENCY ET AL**
**Motion No.  001**

3 of 4

[* 3]

Court has squarely rejected – even, at times, where the business of the party seeking application of such doctrines was temporarily suspended" (*Pentagon Fed. Credit Union v Popovic*, 217 AD3d 480, 481 [1st Dept 2023]). Based on the foregoing, defendants' affirmative defenses are dismissed.

Turning next to that branch of the motion seeking attorneys' fees and expenses, "[u]nder the [general] rule, attorney's fees are incidents of litigation, and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (*Sage Sys., Inc. v Liss*, 39 NY3d 27, 30-31 [2022], quoting *Hooper Assoc. v AGS Computers.*, 74 NY2d 487, 491 [1989]). Here, article 16.2 provides for plaintiff's recovery of attorney's fees and costs (NYSCEF Doc. No. 35, *agreement, ¶16.2*). Thus, the issue with respect to attorney's fees shall be determined by a special referee. All other arguments have been considered and are either without merit or need not be addressed. Accordingly, it is hereby

**ORDERED** that plaintiff's motion for summary judgment against defendants is granted; and it is further

**ORDERED and ADJUDGED** that the Clerk of the Court shall enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $31,606.16, plus prejudgment interest at the statutory rate from December 21, 2020, together with costs and disbursements; and it is further

**ORDERED** that that branch of plaintiff's motion seeking dismissal of defendants' affirmative defenses is granted; and it is further

**ORDERED** that that branch of plaintiff's motion seeking attorney fees is granted and shall be referred to a special referee to hear and determine; and it is further

**ORDERED** that, within twenty (20) days after this decision and order is uploaded to NYSCEF, counsel for plaintiff shall serve a copy of this decision and order, with notice of entry, upon defendants, as well as upon the Clerk of the Court, who shall enter judgment accordingly; and it is further

**ORDERED** that service upon the Clerk of the Court and the Special Referee Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of this court.

**January 3, 2024**

HON. VERNA L. SAUNDERS, JSC

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | X | REFERENCE |

451332/2022  GLOBAL MERCHANT CASH, INC., vs. MAINLAND INSURANCE AGENCY INC.      Page 4 of 4
D/B/A MAINLAND INSURANCE AGENCY ET AL
Motion No. 001