**Solano v Global 1845 Broadway LLC**

2025 NY Slip Op 30077(U)

January 10, 2025

Supreme Court, New York County

Docket Number: Index No. 154182/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. MARY V. ROSADO**

*Justice*

PART **33M**

------------------------------------------------------------------X

YAJAIRA SOLANO,

Plaintiff,

- v -

GLOBAL 1845 BROADWAY LLC,GLOBAL HOLDINGS
MANAGEMENT GROUP (US) INC.,PAVARINI
MCGOVERN, LLC/ STRUCTURE TONE, LLC,PAVARINI
MCGOVERN, LLC,STRUCTURE  TONE, LLC,STRUCTURE
TONE GLOBAL  SERVICES, LLC

Defendant.

------------------------------------------------------------------X

INDEX NO.  154182/2022

MOTION DATE  05/10/2024

MOTION SEQ. NO.  002

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

Upon the foregoing documents, and after a final submission date of September 5, 2024, where David H. Larkin, Esq. appeared for Plaintiff Yajaira Solano ("Plaintiff"), and defendants failed to appear, Plaintiff's motion for summary judgment on her Labor Law § 241(6) claims and seeking dismissal of Defendants Global 1845 Broadway LLC, Global Holdings Management Group (US), Inc., and Pavarini McGovern, LLC's[1] (collectively "Defendants") affirmative defenses is granted in part and denied in part.

## I.     Background

This is an action for personal injuries arising from a construction accident. Plaintiff alleges that on March 4, 2022, at 3:00 p.m., she fell on scattered debris in a dark passageway while working on construction site at 1841 Broadway, New York, New York (the "Premises"). Plaintiff was

---

[1] Plaintiff voluntarily discontinued her claims against Pavarini McGovern/Structure Tone, LLC, Structure Tone Global Services, LLC, and Structure Tone, LLC.

**154182/2022  SOLANO, YAJAIRA vs. GLOBAL 1845 BROADWAY LLC ET AL**
**Motion No.  002**

[* 1]

working for non-party Vema Group on the date of her accident (NYSCEF Doc. 44 at 16). Her duties included carrying materials to workers (*id.* at 24). Plaintiff had to walk through a hallway that was filled with debris, including rebar, blocks, and a slab of dry cement (*id.* at 45-46). While walking through the hallway, she slipped on rebar and fell (*id.* at 46, 50).

Plaintiff seeks summary judgment on her Labor Law § 241(6) claims predicated on Industrial Code 23-1.7(e)(1), 23-1.7(e)(2), 23-1.7(d), and 23-1.30. Plaintiff argues Defendants' sole proximate cause defense must be dismissed because a plaintiff cannot be the sole proximate cause if a Labor Law violation exists. Plaintiff also seeks dismissal of Defendants' comparative negligence defense.

## II. Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Here, Plaintiff demonstrated her entitlement to summary judgment on her Labor Law § 241(6) claims. It is undisputed that Plaintiff was walking through a passageway within the meaning of

**154182/2022  SOLANO, YAJAIRA vs. GLOBAL 1845 BROADWAY LLC ET AL**                    **Page 2 of 4**
**Motion No.  002**

2 of 4

Industrial Code 23-1.7(e)(1)[2] and work area within the meaning of 23-1.7(e)(2)[3] when she tripped over an accumulation of construction related debris (*see e.g. Rossi v 140 West JV Manager LLC*, 171 AD3d 668 [1st Dept 2019]). Likewise, the pencil rod rebar was a foreign substance that caused Plaintiff to lose her footing pursuant to 23-1.7(d)[4] (*Lopez v city of New York Transit Auth.*, 21 AD3d 259 [1st Dept 2005]). Finally, Plaintiff testified there was no lighting and no windows, which made the conditions very dark, making her unable to see the debris. She also was not provided a flashlight or light on her hardhat. This is sufficient evidence to show a violation of Industrial Code 23-1.30, which imposes liability for improper lighting in workareas (*Favaloro v Port Auth. of N.Y. & N.J.*, 191 AD3d 524 [1st Dept 2021]).

In opposition, Defendants argue they should be entitled to cross-examine Plaintiff and let the jury decide her credibility. However, Defendants had an opportunity to examine Plaintiff at her deposition, and they cannot now oppose summary judgment with the speculative hope they can raise credibility issues at trial. As routinely held by the First Department, the mere fact that a plaintiff's fall was unwitnessed is insufficient to defeat summary judgment motion on a violation of the Labor Law (*Dyszkiewicz v City of New York*, 194 AD3d 444 [1st Dept 2021]; *Erkan v McDonald's Corp.*, 146 AD3d 466 [1st Dept 2017]). Nothing in the record calls Plaintiff's credibility in question, and the documentation of the incident by Defendants bolster's Plaintiff's credibility (*Milligan v Tutor Perini Corp.*, 191 AD3d 437 [1st Dept 2021]; *Ortiz v Burke Ave.*

---

[2] 12 NYCRR 23-1.7(e)(1) provides that "[a]ll passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping."

[3] 12 NYCRR 23-1.7(e)(2) provides that "the parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials...as may be consistent with the work being performed."

[4] 12 NYCRR 23-1.7(d) provides that "[e]mployers shall not ...permit any employee to use a floor, passageway [or] walkway...which is in a slippery condition....[a]ny foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing"

**154182/2022  SOLANO, YAJAIRA vs. GLOBAL 1845 BROADWAY LLC ET AL**                    **Page 3 of 4**
**Motion No. 002**

3 of 4

*Realty, Inc.*, 126 AD3d 577 [1st Dept 2015]). Therefore, summary judgment on Plaintiff's Labor Law § 241(6) claim is granted.

Because a plaintiff cannot be the sole proximate cause of her own accident where a violation of the Labor Law exists, Defendant's sole proximate cause affirmative defense is dismissed (*Quiroz v Memorial Hospital for Cancer and Allied Diseases*, 202 AD3d 601 [1st Dept 2022]). However, Plaintiff is not entitled to dismissal of any of Defendants' affirmative defenses alleging comparative negligence. A plaintiff's comparative negligence is a valid defense to an action under Labor Law 241(6) (*McLean v Wical Realty Corp.*, 182 AD2d 554 [1st Dept 1992]).

Accordingly, it is hereby,

ORDERED that Plaintiff Yajaira Solano is granted summary judgment on her Labor Law 241(6) claims against Defendants Global 1845 Broadway LLC, Global Holdings Management Group (US), Inc., and Pavarini McGovern, LLC; and it is further

ORDERED that Plaintiff Yajaira Solano's motion to strike Defendants' sole proximate cause affirmative defense is granted; and it is further

ORDERED that Plaintiff Yajaira Solano's motion to strike Defendants' comparative negligence affirmative defense is denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 1/10/2025 | | | *My V Rsad JSC* | |
|---|---|---|---|---|
| **DATE** | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**154182/2022 SOLANO, YAJAIRA vs. GLOBAL 1845 BROADWAY LLC ET AL**
Motion No. 002

**Page 4 of 4**

4 of 4

[* 4]