**Aguaisa v 33 E. 22nd St. Acquisition, LLC**

2025 NY Slip Op 30174(U)

January 16, 2025

Supreme Court, New York County

Docket Number: Index No. 150695/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**                PART                33M

*Justice*

-------------------------------------------------------------------X

CARLOS AGUAISA,

                          Plaintiff,

                    - v -

33 EAST 22ND STREET ACQUISITION, LLC,33 EAST
22ND  STREET TENANTS CORP., BULADO GENERAL
CONTRACTORS CORP., EAST 22ND ST. ACQUISITION
HOLDINGS LLC,KINGS GROUP NY CORP.,

                          Defendant.

-------------------------------------------------------------------X

BULADO GENERAL CONTRACTORS CORP.

                        Plaintiff,

                -against-

PRO SOLUTION CONSTRUCTION CORP.

                        Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150695/2022 |
| MOTION DATE | 06/27/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595289/2022

The following e-filed documents, listed by NYSCEF document number (Motion 003) 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 118, 119, 120, 121, 122, 123, 124, 125, 126

were read on this motion to/for                   JUDGMENT - SUMMARY          .

      Upon the foregoing documents, and after a final submission date of September 17, 2024,

Plaintiff Carlos Aguaisa's ("Plaintiff") motion for summary judgment on his Labor Law § 241(6)

claim and dismissing the affirmative defense of comparative negligence is granted in part and

denied in part.

    **I.**     **Background**

      This is an action for personal injuries sustained by Plaintiff Carlos Aguaisa ("Plaintiff") on

July 16, 2020 while working for Third-Party Defendant Pro Solution Construction Corp ("Pro

Solution") at a building located at 33 East 22nd Street, New York, New York (the "Premises"). While working at the Premises, Plaintiff took orders from the owner of Pro Solution, Emilio Paz (NYSCEF Doc. 74 at 44). Plaintiff was injured while using a saw provided by Pro Solution. Plaintiff seeks summary judgment on his Labor Law § 241(6) claim and seeks dismissal of Defendants' affirmative defense alleging comparative negligence. Plaintiff alleges he is entitled to summary judgment on his Labor Law § 241(6) claim predicated on a violation of 12 NYCRR 23-1.12(c)(1).[1]

## II.    Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

As held by the Court of Appeals, Labor Law § 241(6) imposes a non-delegable duty upon an owner and general contractor to "respond in damages" if a worker engaged in construction is injured due to inadequate safety and protection, even if the worker sustains an injury because of another party's negligence (*Rizzuto v L.A. Wenger Contracting Co.,* 91 NY2d 343, 350 [1998]). A general contractor is not absolved of liability for lack of notice of a dangerous condition or for lack

---

[1] This section of the industrial code, which governs power driven saws, requires all saws to have "a movable self-adjusting guard below the base plate which will completely cover the saw blade to the depth of the teeth when such saw blade is removed from the cut."

[* 2]

of an opportunity to cure the condition (*Gallina v MTA Capital Construction Company*, 193 AD3d 414 [1st Dept 2021] citing *Rubino v 330 Madison Co., LLC*, 150 AD3d 603, 604 [1st Dept 2017]).

Here, it is undisputed that Bulado was the general contractor and 33 East 22nd Street Tenants Corp. owned the property, making them proper Labor Law § 241(6) defendants. Moreover, it is undisputed that Plaintiff was engaged in construction when he was injured due to an inadequate blade guard on a circle saw, which constitutes a violation of 12 NYCRR 23-1.12(c)(1) (*Alameda-Cabrera v Noble Elec. Contracting Co., Inc.*, 117 AD3d 484 [1st Dept 2014]). In opposition, Defendants have failed to raise a material issue of fact. Simply because Plaintiff is the only witness to provide testimony on his accident is no bar to summary judgment (*Dyszkiewicz v City of New York*, 194 AD3d 444 [1st Dept 2021]; *Erkan v McDonald's Corp.*, 146 AD3d 466 [1st Dept 2017]). This is especially the case where Defendants have failed to produce any evidence which would call Plaintiff's credibility into question (*Milligan v Tutor Perini Corp.*, 191 AD3d 437 [1st Dept 2021]; *Ortiz v Burke Ave. Realty, Inc.*, 126 AD3d 577 [1st Dept 2015]).

Although Defendants argue they should be afforded the opportunity to subpoena the testimony of Mr. Paz, they waited until after Plaintiff filed his motion for summary judgment to issue that subpoena and have failed to seek his deposition despite multiple conferences with this Court. Defendants have been on notice of Mr. Paz's existence for many months and cannot now subpoena him to delay summary judgment. Defendants only offer speculative arguments that Mr. Paz's testimony would raise an issue of fact (*see, e.g. Erkan v McDonald's Corp.*, 146 AD3d 466 [1st Dept 2017]). Therefore, summary judgment on Plaintiff's Labor Law § 241(6) claim is granted as to Defendants Bulado and 33 East 22nd Street Tenants Corp.

The motion is denied as to Kings Group since it was dismissed from this case in motion sequence 002. Moreover, Plaintiff has not met his prima facie burden in showing that Defendants

[* 3]

33 East 22nd Street Acquisition LLC and East 22nd St. Acquisition Holdings LLC are proper Labor Law defendants. Likewise, the Court finds that Plaintiff has not met his prima facie burden in dismissing Defendants' affirmative defense of comparative negligence (*McLean v Wical Realty Corp.*, 182 AD2d 554 [1st Dept 1992]).

Accordingly, it is hereby,

ORDERED that Plaintiff's motion for summary judgment is granted in part and denied in part; and it is further

ORDERED that Plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 241(6) claim is granted against Defendants 33 East 22nd Street Tenants Corp. and Bulado General Contractors Corp.; and it is further

ORDERED that Plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 241(6) claim against Defendants Kings Group NY Corp., 33 East 22nd Street Acquisition LLC and East 22nd St. Acquisition Holdings LLC is denied; and it is further

ORDERED that Plaintiff's motion for summary judgment seeking dismissal of Defendants' affirmative defense alleging comparative negligence is denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 1/16/2025 | | | | | |
|-----------|---|---|---|---|---|
| DATE | | | | HON. MARY V. ROSADO, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |